IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

October 4, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

RONALD D. MACKIE and                )    COCKE COUNTY
BRENDA L. MACKIE                     )    03A01-9604-CH-00138
                                     )
    Plaintiffs-Appellees         )
                                     )
                                     )    HON. C. S. RAINWATER, JR.,
    v.                           )    CHANCELLOR
                                     )
                                     )
DAVID K. HINCHY and                  )
PEARLINE HINCHY                      )
                                     )    AFFIRMED IN PART;  REVERSED
    Defendants-Appellants        )    IN PART;  and REMANDED


FLETCHER L. ERVIN OF NEWPORT FOR APPELLANTS

R. J. TUCKER OF NEWPORT FOR APPELLEES



O P I N I O N



Goddard, P.J.



    David K. Hinchy and Pearline Hinchy, who are residents of Indiana, appeal judgments of the Chancery Court for Cocke County. The Chancellor, first, granted a default judgment against them in favor of Ronald D. Mackie and Brenda L. Mackie, who are residents of Florida. The Court also ordered the sale of

certain real estate, the proceeds of which would be applied to the satisfaction of the indebtedness secured by the real estate and, preliminarily, a personal judgment in the amount of $18,200, plus interest at the rate of 8.65 percent per annum from October 1, 1989. Second, after sale of the property and giving credit for payments previously made, he awarded a deficiency judgment in the amount of $15,719.97, which included court costs and expenses of the sale.

The Hinchys appeal, contending the Trial Court was in error in not sustaining their Rule 60 motion to set aside that portion of the June 1, 1992, default judgment awarding the Mackies a personal judgment against them.

Although there were other motions by the parties and orders of the Court, we will detail those we deem necessary for proper disposition of this appeal.

1.    February 19, 1991, complaint by Mackies styled, "COMPLAINT TO FORECLOSE ON MORTGAGE DEED," later amended by order entered May 6, 1991, alleging the Hinchys had executed a mortgage to them securing an indebtedness of $22,000 that, after paying eight payments thereon in the amount of $475, the indebtedness became in default and sought (1) process, (2) appointment of a Special Master, (3) sale of the mortgaged property, and (4) general relief.

2

2.    June 1, 1992, order granting default judgment awarding a recovery in the amount of $18,200, plus interest at the rate of 8.65 percent per annum from October 1989, and ordering sale of the property.

3.    September 21, 1992, Master's report disclosing sale was accomplished and the total purchase price was $8500.

4.    October 16, 1992, decree confirming sale, fixing attorney's and Master's fees, and ordering disbursement of sale proceeds.

5.    December 11, 1992, petition by Mackies seeking a deficiency judgment.

6.    March 18, 1993, motion by Hinchys to dismiss petition seeking a deficiency judgment for lack of personal jurisdiction.

7.    September 8, 1993, answer to motion to dismiss motion for deficiency judgment by Mackies.

8.    November 2, 1993, order overruling Hinchys' motion to dismiss petition.

9.    December 29, 1993, answer and counter-complaint by Hinchys.

10.    February 23, 1995, answer to counter-complaint.

3

11. October 2, 1995, motion by Mackies to dismiss Hinchys' counter-complaint.

12. October 26, 1995, response of Hinchys to Mackies' motion to dismiss.

13. November 3, 1995, Rule 60 motion to set aside default judgment and order of sale of June 1, 1992.

14. November 6, 1995, answer to motion to set aside default judgment.

15. November 6, 1995, motion by Hinchys to dismiss Mackies' supplemental pleading seeking a deficiency judgment.

16. January 9, 1996, judgment finding that the Court had exercised proper in personam and in rem jurisdiction over the Hinchys, that the decree confirming the sale entered October 16, 1992,[1] is res judicata to all pleadings filed thereafter, and that the Court improperly overruled Hinchys' motion to dismiss the petition for deficiency judgment.

Based upon the foregoing findings the Trial Court granted the Hinchys' motion to dismiss the Mackies' petition for deficiency judgment, dismissed the motion seeking to set aside

---

[1] This order recites the October order was entered on October 12. It was signed on October 12; however, it was entered on October 16.

4

the default judgment, dismissed the counter-complaint, and reaffirmed its award of a deficiency judgment.

We first note that the complaint as amended does not seek any personal judgment against the Hinchys, but only the sale of the property to satisfy the Mackies' indebtedness.

We have it of old--Footnote 14, § 648, Gibson's Suits in Chancery, 4th Ed. (1937), when addressing executions--that a decree must be circumscribed by the evidence, the evidence circumscribed by the pleadings,[2] and the pleadings circumscribed by the procedure of the chancery court. (See appendix.)

In the present posture of this case, it is obvious that there are no pleadings seeking a personal judgment against the Hinchys. It is true that a petition was filed by the Mackies which did seek such relief, but the order of the Trial Court on January 9, 1996, granted the motion of the Hinchys to strike that petition, and this action by the Chancellor is not appealed.

We accordingly find that at the time of the entry of the personal judgment on January 9, 1996, there were no pleadings which would authorize the Chancellor to grant such a judgment, and so much of his order that purports to do so is reversed.

---

[2] Rule 15 of the Tennessee Rules of Civil Procedure now allows decrees to be entered when issues not pleaded are "tried by express or implied consent of the parties."

5

In our resolution of the case, we have not overlooked the fact that the complaint as amended did seek general relief. We are, however, disinclined to find that this pleading is sufficiently broad to place the Hinchys on notice that they would be cast in judgment should the sale of the property not generate sufficient funds to pay the indebtedness.

Gibson's Suits in Chancery, 7th Ed., addressed the question thusly:

> § 220. Relief Under the General Prayer. -- As a rule, no relief can be granted if none is demanded; and no relief will be granted inconsistent with that demanded. The decree ordinarily follows the special relief sought by the complaint, if the pleadings and proof will warrant it.
>
> If the plaintiff is not entitled to the specific relief he prays, he may under the general prayer have such other relief as the pleadings and proof will justify, provided it is not of a character to take the defendant by surprise. The relief under the general prayer must follow, ordinarily and logically, the pleadings and the proof. If the complaint prays for general relief only, the plaintiff can by amendment demand the specific relief he is entitled to on the case made out by the pleadings and proof.

Before concluding, we point out that nothing contained in this opinion would in any way affect the validity of the court-ordered sale of the mortgaged property.

For the foregoing reasons the judgment of the Trial Court is affirmed in part and reversed in part, and the cause remanded for such further proceedings, if any, as may be

6

necessary and collection of costs below.  Costs of appeal are adjudged against the Mackies.

 

_____
Houston M Goddard, P.J.

CONCUR:


_____
Don T. McMurray, J.


_____
Charles D. Susano, Jr., J.